IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41436
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                                  Plaintiff,

versus

WILLIAM EDWARD STEWART; ET AL,

                                                  Defendants,

JAMES L. EMERSON; ASSOCIATED MORTGAGE INVESTORS; OSAGE
CORPORATION,

                                                  Claimants-Appellants,

KURT BECKER; WARREN DECKARD; ARBOR HOLDINGS,

                                                  Claimants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-26-1
--------------------
June 28, 2001
Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    James L. Emerson, Associated Mortgage Investors, and Osage

Corporation (collectively, "the Emerson claimants") appeal the

district court's final order of forfeiture in connection with

criminal proceedings against William Edward Stewart for money

laundering.  The Emerson claimants contend that the district

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court erred in conveying to Kurt Becker, Warren Deckard, and Arbor Holdings ("the Arbor Holdings claimants") title to 2722 Heatherbend Drive in Pearland, Texas ("the Heatherbend property"), free of any claims by the Government or the Emerson claimants.

In imposing sentence on a person convicted of a money laundering offense, the district court "shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."  18 U.S.C. § 982(a)(1).  If, after publication of notice of the forfeiture order and a hearing, a petitioner establishes by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n); see 18 U.S.C. § 982(b)(1).

The district court found that the Arbor Holdings claimants obtained a constructive trust on the Heatherbend property when Stewart purchased it with funds fraudulently obtained from them and that the Arbor Holdings claimants therefore had an interest

in the property that was superior to the Government's interest. Since neither party has challenged this determination on appeal, it is undisputed that the Arbor Holdings claimants have a 21 U.S.C. § 853(n)(6)(A) interest in the Heatherbend property.

The Emerson claimants contend that they have a 21 U.S.C. § 853(n)(6)(B) interest in the Heatherbend property because Emerson was a bona fide mortgagee of the property who, at the time of the mortgage, was reasonably without cause to believe that the property was subject to forfeiture. The Emerson claimants assert that Emerson was not notified that the property was subject to forfeiture, as the Government's notice of lis pendens had identified the Heatherbend property as being located in the wrong Texas county.

Despite that error, the Government's notice of lis pendens was filed in the county in which the Heatherbend property is located; warned of the forfeiture of real property having the Heatherbend property's street address; and contained a property description identical to that contained in the seller's deed to the Heatherbend property. Thus, at the time that Emerson took his mortgage interest in the Heatherbend property, he was not reasonably without cause to believe that the property was subject to forfeiture. The Emerson claimants do not have a 21 U.S.C. § 853(n)(6)(B) interest in the Heatherbend property.

In light of the foregoing, the district court did not err in granting the Arbor Holdings claimants title to the Heatherbend property free of any claims by the Government or the Emerson

claimants.  <u>See</u> 21 U.S.C. § 853(n).  The district court's judgment is AFFIRMED.